09-5026-cv
*Deveer v. Government Employees Insurance Co. (GEICO)*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and ten.

PRESENT: ROSEMARY S. POOLER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
             *Circuit Judges.*

_____

WILLIAM B. DEVEER,

                  *Plaintiff-Appellant,*

        -v.-                              09-5026-cv

GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO),

                  *Defendant-Appellee.*

_____

FOR APPELLANT:     WILLIAM B. DEVEER, *pro se*, Federal Way, WA.

FOR APPELLEE:      KATHRYN J. RUSSO, Jackson Lewis, LLP, Melville, NY.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Appellant William B. Deveer appeals from the District Court's judgment granting summary judgment in favor of Government Employees Insurance Company ("GEICO") and dismissing his employment discrimination complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in

2

favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the award of summary judgment for substantially the same reasons stated in the magistrate judge's thorough and well-reasoned report and recommendation.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3